PHILLIP A. TALBERT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SARAH ANDERSON,<br>FABIAN GOMEZ,<br>EPIFANIO RAMIREZ,<br>WENDY LABUDA,<br>WILLIAM OWEN,<br>JOALEEN ROGERS,<br><br>Defendants. | CASE NO. 2:22-CR-147-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: September 19, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

**BACKGROUND**

This case is set for a status conference on September 19, 2022. By this stipulation, the parties request that the Court continue the status conference to December 12, 2022, and to exclude time under Local Code T4, as well under the Court's General Orders, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that

Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By this stipulation, defendants now move to continue the status conference until December 12, 2022, and to exclude time between September 19, 2022, and December 12, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

2. The parties agree and stipulate, and request that the Court find the following:

   a) The government is in the process of preparing discovery in this matter, which is voluminous.  The discovery consists of hundreds of pages of investigatory reports, photographs, and video surveillance evidence.  The government has communicated to defense counsel that it anticipates producing discovery within the next several days.  All of this discovery will either be produced directly to counsel or made available for inspection and copying.

b)  Counsel for defendants have met with their clients to discuss their respective cases. Defense counsel desire additional time to conduct investigation into the charges, the alleged roles of their respective clients, and to review discovery in this case once the government has produced all of it. Once that occurs, defense counsel will need additional time to discuss potential resolutions with their clients, prepare pretrial motions, and otherwise prepare for trial.

c)  Counsel for defendants believes that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)  The government does not object to the continuance.

e)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 19, 2022 to December 12, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  September 13, 2022          PHILLIP A. TALBERT
                                    United States Attorney


                                    /s/ JAMES R. CONOLLY
                                    JAMES R. CONOLLY
                                    Assistant United States Attorney

[*Signatures continue on following page.*]
Dated:  September 13, 2022          /s/ DANIEL B. OLMOS

STIPULATION REGARDING EXCLUDABLE TIME            4
PERIODS UNDER SPEEDY TRIAL ACT

|  |  |
|---|---|
|  | DANIEL B. OLMOS<br>Counsel for Defendant<br>SARAH ANDERSON, |
| Dated: September 13, 2022 | /s/ DAVID D. FISCHER<br>DAVID D. FISCHER<br>Counsel for Defendant<br>FABIAN GOMEZ |
| Dated: September 13, 2022 | /s/ OLAF HEDBERG<br>OLAF HEDBERG<br>Counsel for Defendant<br>EPIFANIO RAMIREZ |
| Dated: September 13, 2022 | /s/ TASHA CHALFANT<br>TASHA CHALFANT<br>Counsel for Defendant<br>WENDY LABUDA |
| Dated: September 13, 2022 | /s/ JOHN R. MANNING<br>JOHN R. MANNING<br>Counsel for Defendant<br>WILLIAM OWEN |
| Dated: September 13, 2022 | /s/ TAMARA SOLOMON<br>TAMARA SOLOMON<br>Counsel for Defendant<br>JOALEEN ROGERS, |

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: September 16, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE