```
ERIC GRANT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900
```

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-147-WBS |
|---|---|
| Plaintiff, | |
| v. | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| SARAH ANDERSON, WILLIAM OWEN, JOALEEN ROGERS, | |
| Defendants. | DATE: January 12, 2026<br>TIME: 10:00 a.m.<br>COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. This case is set for a status conference on January 12, 2026.

2. By this stipulation, the remaining defendants[1] now move to continue the status conference until March 23, 2026, and to exclude time between January 12, 2026, and March 23, 2026, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

---

[1] Defendants Wendy Labuda, Epifanio Ramirez, and Fabian Gomez do not join in this stipulation. Wendy Labuda entered a guilty plea on July 21, 2025. ECF No. 181. Epifanio Ramirez entered an open plea to three of the four counts with which he is charged, and the Court dismissed the fourth count on the government's motion. ECF Nos. 195, 207. Fabian Gomez entered a guilty plea on December 8, 2025. ECF No. 211.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has produced discovery in this matter, consisting of over 1,300 pages of investigative reports and photographs, including arrest reports, DEA reports, and other supporting documents. The government has also made available to the defense for viewing at the U.S. Attorney's Office, by appointment, hours of video surveillance evidence for multiple controlled drug buys in the underlying investigation.

b) Defense counsel for the remaining defendants desire additional time to conduct investigation into the charges, the alleged roles of their respective clients, and to review discovery in this case, including watching the video evidence the government has made available. Defense counsel will need additional time to discuss potential resolutions with their clients, prepare pretrial motions, and otherwise prepare for trial. Ms. Anderson's counsel remains relatively new to this case, and the amount of discovery to review is voluminous. Additionally, counsel for Mr. Owen has represented the defense (as to Mr. Owen) will be providing the government with well over 200 pages of materials (specific to Mr. Owen) to discuss with the government in plea negotiations. The defense intends to provide the government with the noted materials by January 9, 2026. The government will need time to review the materials and the parties (Mr. Owen and the government) will need time after the government reviews the materials to discuss any impact the materials may have on plea negations. Finally, counsel for Ms. Rogers has also indicated that counsel requires addition time to conduct investigation in advance of discussions with the government to resolve this case with respect to Ms. Rogers.

c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 12, 2026 to March 23, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 6, 2026

  ERIC GRANT
  United States Attorney

  /s/ JAMES R. CONOLLY
  JAMES R. CONOLLY
  Assistant United States Attorney

Dated: January 6, 2026

  /s/ PHILIPPA LAUBEN
  PHILIPPA LAUBEN
  Counsel for Defendant
  SARAH ANDERSON

Dated: January 6, 2026

  /s/ JOHN R. MANNING
  JOHN R. MANNING
  Counsel for Defendant
  WILLIAM OWEN

Dated: January 6, 2026

  /s/ TAMARA SOLOMAN
  TAMARA SOLOMAN
  Counsel for Defendant
  JOALEEN ROGERS

## ORDER

IT IS SO FOUND AND ORDERED with regard to defendants other than Wendy Labuda, Epifanio Ramirez, and Fabian Gomez.

Dated: January 7, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3