REICHEL LAW PC
MARK REICHEL, SBN 155034
455 CAPITOL MALL 8TH FLOOR SUITE 802
SACRAMENTO, CA 95814

916 801 2314

Attorneys for Defendant Anderson

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>SARAH ANDERSON,<br>FABIAN GOMEZ,<br>EPIFANIO RAMIREZ,<br>WENDY LABUDA,<br>WILLIAM OWEN,<br>JOALEEN ROGERS,<br><br>Defendants. | CASE NO. 2:22-CR-147-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: December 21, 2026 and January 4, 2027<br>TIME: 10:00 a.m.<br>COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. This case is set for a status conference on November 23, 2026.

2. By this stipulation, the remaining defendants, Sarah Anderson and Joaleen Rogers,[1] now move to continue the status conference for defendant Anderson until December 21, 2026 for a change of plea and to continue to January 4, 2027 for defendant Rogers for a change of plea, and to exclude time between November 23, 2026, and December 21, 2026 for a change of plea and to continue to January 4, 2027 for defendant Rogers for a change of plea, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

[1] Defendants William Owen, Wendy Labuda, Epifanio Ramirez, and Fabian Gomez do not join in this stipulation. These four defendants have entered guilty pleas in this case. Ramirez and Gomez have been sentenced. Owen and Labuda are pending sentencing at the time of writing.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has produced discovery in this matter, consisting of over 1,300 pages of investigative reports and photographs, including arrest reports, DEA reports, and other supporting documents. The government has also made available to the defense for viewing at the U.S. Attorney's Office, by appointment, hours of video surveillance evidence for multiple controlled drug buys in the underlying investigation.

b) Defense counsel for the remaining defendants desire additional time to conduct investigation into the charges, the alleged roles of their respective clients, and to review discovery in this case, including watching the video evidence the government has made available. Defense counsel will need additional time to discuss potential resolutions with their clients, prepare pretrial motions, and otherwise prepare for trial. Ms. Anderson's defense team has added attorney Mark Reichel recently and he is now set for a trial in state court, and has just finished a trial in federal court, he will require additional time to get up to speed on the voluminous discovery in this case, to evaluate his client's position, and to otherwise prepare for trial. Finally, the government also recently provided additional discovery to Ms. Rogers, which relates to Ms. Rogers only, and counsel for Ms. Rogers will need time to review that discovery and conduct other investigation as she deems necessary.

c) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government agrees to the continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 23, 2026 to December 21, 2026 for a change of plea and to continue to January 4, 2027 for defendant Rogers for a change of plea, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv)

[Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 19, 2026

ERIC GRANT
United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated: November 19, 2026

/s/ PHILIPPA LAUBEN
PHILIPPA LAUBEN
MARK REICHEL
Counsel for Defendant
SARAH ANDERSON

Dated: November 19, 2026

/s/ TAMARA SOLOMAN
TAMARA SOLOMAN
Counsel for Defendant
JOALEEN ROGERS

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: November 20, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE